## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CARLOS MONTOYA TORRES
c/o 519 H Street NW
Washington, DC 20001

LUIS RIVERA
c/o 519 H Street NW
Washington, DC 20001

       Plaintiffs,

v.

2327 18TH STREET NE, LLC
d/b/a MONTANA DOUBLE CAR WASH
2327 18th Street NE
Washington, DC 20018

ASHKAR BROTHERS, INC.
d/b/a MONTANA DOUBLE CAR WASH
2327 18th Street NE
Washington, DC 20018

DAKHLALLAH ASHKAR
10911 Elon Drive
Bowie, MD 20720

JADALLAH ASHKAR
6419 Brays Street
Lanham, MD 20706

KHEIRY ASHKAR
4403 Ollies Turn
Hyattsville, MD 20781

SOFIAN ASHKAR
7841 Vanity Fair Drive
Greenbelt, MD 20770

       Defendants.

Civil Action No. _____

## COMPLAINT

1.      While Plaintiffs worked at Defendants' car wash, Defendants paid them flat salaries that denied them minimum and overtime wages. Moreover, Defendants failed to provide Plaintiffs with safe and sick leave as required by D.C. law.

2.      Plaintiffs bring this action against 2327 18th Street NE, LLC; Ashkar Brothers, Inc.; Dakhlallah Ashkar; Jadallah Ashkar; Kheiry Ashkar; and Sofian Ashkar ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages and to provide safe and sick leave, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq*.; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq*.; and the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-131.01 *et seq*.

### Jurisdiction and Venue

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### Parties

5.      Plaintiff Carlos Montoya Torres is an adult resident of the District of Columbia.

6.      Plaintiff Luis Rivera is an adult resident of the District of Columbia.

7.      Defendant 2327 18th Street NE, LLC is a District of Columbia corporate entity. It does business as Montana Double Car Wash. Its principal place of business is located at 2327 18th Street NE, Washington, DC 20018. Its registered agent for service of process is Alaa Saleh, 1906 Jackson Street NE, Washington, DC 20018.

8.      Defendant Ashkar Brothers, Inc. is a District of Columbia corporate entity. It does business as Montana Double Car Wash. Its principal place of business is located at 2327 18th Street NE, Washington, DC 20018. Its registered agent for service of process is Alaa Saleh, 1906 Jackson Street NE, Washington, DC 20018.

9.      Defendant Dakhlallah Ashkar is an adult resident of Maryland. He resides at 10911 Elon Drive, Bowie, MD 20720. He is an owner, member, and officer of Defendant 2327 18th Street NE, LLC and Ashkar Brothers, Inc. He exercises control over the operations of 2327 18th Street NE, LLC and Ashkar Brothers, Inc. — including their pay practices.

10.     Defendant Jadallah Ashkar is an adult resident of Maryland. He resides at 6419 Brays Street, Lanham, MD 20706. He is an owner, member, and officer of Defendant 2327 18th Street NE, LLC and Ashkar Brothers, Inc. He exercises control over the operations of 2327 18th Street NE, LLC and Ashkar Brothers, Inc. — including their pay practices.

11.     Defendant Kheiry Ashkar is an adult resident of Maryland. He resides at 4403 Ollies Turn, Hyattsville, MD 20781. He is an owner, member, and officer of Defendant 2327 18th Street NE, LLC and Ashkar Brothers, Inc. He exercises control over the operations of 2327 18th Street NE, LLC and Ashkar Brothers, Inc. — including their pay practices.

12.     Defendant Sofian Ashkar is an adult resident of Maryland. He resides at 7841 Vanity Fair Drive, Greenbelt, MD 20770. He is an owner, member, and officer of Defendant 2327 18th Street NE, LLC and Ashkar Brothers, Inc. He exercises control over the operations of 2327 18th Street NE, LLC and Ashkar Brothers, Inc. — including their pay practices.

### Factual Allegations Specific to Plaintiff Montoya Torres

13.     Plaintiff Montoya Torres worked at Montana Double Car Wash from 2010 through approximately August 16, 2020.

14.     Plaintiff Montoya Torres worked at Montana Double Car Wash as a car wash attendant.

15.     Plaintiff Montoya Torres' job duties at Montana Double Car Wash primarily consisted of driving customers' cars through the car wash and cleaning the cars' dashboard and interior windows.

16.     Plaintiff Montoya Torres typically and customarily worked six days per week.

17.     Plaintiff Montoya Torres occasionally worked seven days per week.

18.     Plaintiff Montoya Torres typically and customarily worked fifty-four hours per week during the months of May through October each year.

19.     Plaintiff Montoya Torres typically and customarily worked forty-eight hours per week during the months of November through April each year.

20.     Defendants paid Plaintiff Montoya Torres every week, calculated using a daily salary.

21.     Defendants paid Plaintiff Montoya Torres approximately the following daily salaries:

| Approximate Dates | Daily Salary | Effective Hourly Rate |
|---|---|---|
| Jan. 01, 2018–Dec. 31, 2018 | $85.00 | $9.44 (May–Oct); $10.63 (Nov–Apr) |
| Feb. 01, 2019–Dec. 31, 2019 | $90.00 | $10.00 (May–Oct); $11.25 (Nov–Apr) |
| Jan. 01, 2020–Aug. 16, 2020 | $92.00 | $10.22 (May–Oct); $11.50 (Nov–Apr) |

22.     Occasionally, Defendants sent Plaintiff Montoya Torres home early because of inclement weather. On these days, they paid him a prorated daily salary.

23.     Occasionally, Defendants sent Plaintiff Montoya Torres home early even though he had worked less than four hours in day. On such occasions, Defendants only paid Plaintiff Montoya Torres his prorated daily salary; they did not pay him the minimum daily wage. *See* 7 DCMR § 907.1.

24.     At all relevant times, Defendants paid Plaintiff Montoya Torres in cash.

25.     Plaintiff Montoya Torres typically and customarily worked more than forty hours per workweek for Defendants.

26.     At all relevant times, Defendants paid Plaintiff Montoya Torres the same effective hourly rate across all hours worked.

27.     At all relevant times, Defendants did not pay Plaintiff Montoya Torres overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

28.     In addition to not paying overtime wages, Defendants did not pay Plaintiff Montoya Torres the applicable D.C. minimum wage.

29.     Defendants owe Plaintiff Montoya Torres approximately $27,500.00 in minimum and overtime wages (excluding liquidated damages).

30.     Finally, Defendants never provided Plaintiff Montoya Torres with paid leave as required by the ASSLA. D.C. Code § 32-131.02.

31.     Plaintiff Montoya Torres lost wages in 2018, 2019 and 2020 because he was sick.

32.     For Defendants' failure to provide paid leave, Defendants owe Plaintiff Montoya Torres approximately $810.00 in lost wages and compensatory damages.

33.     Defendants should have provided Plaintiff Montoya Torres with 3 days of paid leave in 2018, 3 days of paid leave in 2019, and 1.5 days of paid leave in 2020.

34.     Defendants also owe Plaintiff Montoya Torres $3,750.00 — $500.00 of statutory damages for each accrued day of leave denied, regardless of whether Plaintiff Montoya Torres took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

### Factual Allegations Specific to Plaintiff Rivera

35.     Plaintiff Rivera worked at Montana Double Car Wash from approximately January 2014 through approximately March 15, 2020.

36.     Plaintiff Rivera worked at Montana Double Car Wash as a car wash attendant.

37.     Plaintiff Rivera's job duties at Montana Double Car Wash primarily consisted of washing and detailing cars.

38.     Plaintiff Rivera typically and customarily worked six days per week.

39.     Plaintiff Rivera occasionally worked seven days per week.

40.     Plaintiff Rivera typically and customarily worked fifty-four hours per week during the months of May through October each year.

41.     Plaintiff Rivera typically and customarily worked forty-eight hours per week during the months of November through April each year.

42.     Defendants paid Plaintiff Rivera every week, calculated using a daily salary.

43.     Defendants paid Plaintiff Rivera approximately the following daily salaries:

| Approximate Dates | Daily Salary | Effective Hourly Rate |
|---|---|---|
| Jan. 01, 2018–Dec. 31, 2018 | $85.00 | $9.44 (May–Oct); $10.63 (Nov–Apr) |
| Feb. 01, 2019–Dec. 31, 2019 | $90.00 | $10.00 (May–Oct); $11.25 (Nov–Apr) |
| Jan. 01, 2020–Mar. 15, 2020 | $92.00 | $11.50 |

44.     Occasionally, Defendants sent Plaintiff Rivera home early because of inclement weather. On these days, they paid him a prorated daily salary.

45.     Occasionally, Defendants sent Plaintiff Rivera home early even though he had worked less than four hours in day. On such occasions, Defendants only paid Plaintiff Rivera his prorated daily salary; they did not pay him the minimum daily wage. *See* 7 DCMR § 907.1.

46.     At all relevant times, Defendants paid Plaintiff Rivera in cash.

47.     Plaintiff Rivera typically and customarily worked more than forty hours per workweek for Defendants.

48.     At all relevant times, Defendants paid Plaintiff Rivera the same effective hourly rate across all hours worked.

49.     At all relevant times, Defendants did not pay Plaintiff Rivera overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

50.     In addition to not paying overtime wages, Defendants did not pay Plaintiff Rivera the applicable D.C. minimum wage.

51.     Defendants owe Plaintiff Rivera approximately $25,000.00 in minimum and overtime wages (excluding liquidated damages).

52.     Finally, Defendants never provided Plaintiff Rivera with paid leave as required by the ASSLA. D.C. Code § 32-131.02.

53.     Plaintiff Rivera lost wages in 2018, 2019, and 2020 because he was sick.

54.     For Defendants' failure to provide paid leave, Defendants owe Plaintiff Rivera approximately $740.00 in lost wages and compensatory damages.

55.     Defendants should have provided Plaintiff Rivera with 3 days of paid leave in 2018, 3 days of paid leave in 2019, and 1 day of paid leave in 2020.

56.     Defendants also owe Plaintiff Rivera $3,500.00 — $500.00 of statutory damages for each accrued day of leave denied, regardless of whether Plaintiff Rivera took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

### Factual Allegations Common to All Plaintiffs

57.     Defendants Dakhlallah Ashkar, Jadallah Ashkar, Kheiry Ashkar, and Sofian Ashkar each participated in hiring Plaintiffs.

58.     Defendants Dakhlallah Ashkar, Jadallah Ashkar, Kheiry Ashkar, and Sofian Ashkar each participated in setting Plaintiffs' work schedules.

59.     Defendants Dakhlallah Ashkar, Jadallah Ashkar, Kheiry Ashkar, and Sofian Ashkar each participated in setting Plaintiffs' salaries.

60.     Defendants Dakhlallah Ashkar, Jadallah Ashkar, Kheiry Ashkar, and Sofian Ashkar each sometimes handed Plaintiffs their pay.

61.     Defendants Dakhlallah Ashkar, Jadallah Ashkar, Kheiry Ashkar, and Sofian Ashkar each participated in supervising Plaintiffs.

62.     At all relevant times, Defendants had the power to hire and fire Plaintiffs.

63.     At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

64.     At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

65.     At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

66.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular hourly rate for all hours worked in excess of forty hours in any one workweek.

67.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable D.C. minimum wage.

68.   At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to them.

69.   At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

70.   At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

**COUNT I**

**FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA**

71.   Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

72.   Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

73.   The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

74.   Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

75.   Defendants' violations of the FLSA were willful.

76.   For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid over-time wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II

## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

77.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

78.     Each defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

79.     The DCMWA requires that employers pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, $14.00 per hour from July 1, 2019 through June 30, 2020, and $15.00 per hour from July 1, 2020 through the present. D.C. Code § 32-1003(a).

80.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

81.     Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to one or more Plaintiffs.

82.     Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

83.     Defendants' violations of the DCMWA were willful.

84.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

85.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

86.     Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

87.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

88.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

89.     For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

90.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due, including minimum and overtime wages.

91.     Defendants' violations of the DCWPCL were willful.

92.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages in addition to the actual damages in the form of unpaid wages.").

## COUNT IV
### FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA

93.     Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

94.     Each defendant was an "employer" of Plaintiffs within the meaning of the ASSLA. D.C. Code § 32-131.01.

95.     The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-131.02(a).

96.     Defendants violated the ASSLA by not providing Plaintiffs the required paid leave.

97.     For Defendants' violations of the ASSLA, Defendants are liable for back pay for lost wages, compensatory damages, punitive damages, Plaintiffs' reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. D.C. Code § 32-131.12(e).

98.     For Defendants' violations of the ASSLA, Defendants also owe Plaintiffs $500.00 of statutory damages for each accrued day of leave denied, regardless of whether Plaintiffs took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$223,868.10**, and grant the following relief:

a.      Award Plaintiffs $210,000.00, consisting of the following overlapping elements:

       i.       unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.       unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

     iii.       unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiffs $8,800.00, consisting of the following:

       i.       $1,550.00 in lost wages and compensatory damages for denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.02(e);

      ii.       $7,250.00 in statutory damages for each day of denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.12(b);

c.      Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

d.      Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,666.10);

e.      Award Plaintiffs court costs (currently, $402.00); and

f.      Award any additional relief the Court deems just.

Date: March 3, 2021                           Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*